

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 3073 | DATE | 11/19/2012 |
| CASE TITLE | Pacific Century International LTD vs. Does 1-20 | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Compel Compliance With Subpoena [1] is granted in part and denied in part.

*/s/ Charles Norgle/*

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On March 2, 2012, Plaintiff Pacific Century International LTD ("Plaintiff") filed a complaint against twenty "John Doe" defendants in the U.S. District Court for the Southern District of Texas, alleging copyright infringement and civil conspiracy. There, the court granted Plaintiff's motion for expedited discovery to obtain the identifying information of individual account holders whose Internet Protocol ("IP") addresses were allegedly used to illegally reproduce and distribute Plaintiff's copyrighted video via the BitTorrent file sharing protocol. Plaintiff served subpoenas, issued out of this Court, to third-party Internet service providers Comcast Cable Communications LLC, and Cequel III Communications II, LLC, d/b/a Suddenlink Communications and Cebridge Communications (collectively, the "ISPs") to produce the names, addresses, telephone numbers, e-mail addresses and Media Access Control addresses for their subscribers. Now, Plaintiff moves to compel compliance with the subpoenas. See United States S.E.C. v. Hyatt, 621 F.3d 687, (7th Cir. 2010) (noting that upon receipt of a written objection to a subpoena, "the party serving the subpoena may move the issuing court for an order compelling production or inspection"). For the following reasons, the motion is granted in part and denied in part.

The instant motion to compel is the functional equivalent of a motion to quash the subpoenas by the ISPs. Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC, No. 12-mc-00150 (RLW), 2012 WL 2371426, at *2 (D.D.C. June 25, 2012). Federal Rule of Civil Procedure 45 explicitly authorizes the Court to quash or modify a subpoena to protect all persons from undue burden imposed by the use of the subpoena power. Fed. R. Civ. P. 45(c)(3)(A)(iv). The ISPs argue, *inter alia*, that the burden here is undue because the subpoenas seek information for IP addresses located in Texas and other areas outside the territorial jurisdiction of this Court. Yet, in the same paragraph, the ISPs concede that a few of the twenty John Does are subject to the territorial jurisdiction of this Court. Plaintiff does not address this issue.

In Millennium TGA, Inc., the U.S. District Court for the District of Columbia questioned the propriety of compelling enforcement of a subpoena issued in a seemingly arbitrarily-selected, distant forum from the underlying John Doe copyright litigation proceeding in the Southern District of Texas. 2012 WL 2371426, at

*4-5. The court determined that it is inappropriate to "employ the subpoena power of the federal courts to unduly burden non-parties with the expense and obligation of protecting their rights in a forum that is arbitrarily chosen and decidedly inconvenient." Id. at 8. The court noted that the plaintiff "had an affirmative duty to 'take reasonable steps to avoid imposing undue burden or expense on [the] person[s] subject to the subpoena.'" Id. at *4 (quoting F. R. Civ. P. 45(c)(1)) (alterations in original). The court considered the burden not only to the ISP, but also to the individual subscribers because they have at least a minimal privacy interest in the information requested. Id. Recognizing that ISP subscribers have a right to file and litigate objections, if any, to the subpoena, the court concluded that forcing subscribers to litigate in a distant forum is unduly burdensome and "completely unnecessary, since the Plaintiff can serve a subpoena upon Comcast in any judicial district where Comcast subscribers reside." Id. at *5-6.

The Court finds the reasoning set forth in Millennium TGA, Inc. persuasive, and adopts the analysis here. To the extent that the IP addresses subject to the subpoenas are located in Texas, see Objectors' Mem. in Opp'n to Mot. to Compel Compliance With Subpoena Ex. A, Compl. ¶ 6 ("[A]ll Defendants either reside in or committed copyright infringement in the State of Texas. Plaintiff used geolocation technology to trace the IP addresses of each Defendant to a point of origin within the State of Texas."), the Court quashes the subpoenas. The appropriate district court in Texas, will deal with issues relating to subpoenas, if any, issued out of that court.

However, to the extent that the ISPs' subscribers are subject to the territorial jurisdiction of this Court, the Court finds no undue burden and compels compliance with the subpoenas. Pursuant to 47 U.S.C. § 551, the ISPs may disclose their subscribers' identifying information if the subscribers are notified of the court order authorizing such disclosure. 47 U.S.C. § 551(c)(2)(B). Accordingly, the Court orders that such notice be provided to the individual subscribers (subject to the territorial jurisdiction of this Court) before their identifying information is turned over to Plaintiff. The ISPs shall identify the individual subscribers and provide them with notice of the litigation and subpoena, along with a copy of this order, within thirty days. Objections or other appropriate motions shall be filed in this Court within thirty days from the date that the subpoena is received. After any such objections or other appropriate motions are resolved, the ISPs shall produce the names, addresses, telephone numbers, e-mail addresses and Media Access Control addresses for the subscribers. See, e.g., Pacific Century International v. Does 1-31, No. 11 C 9064, 2012 WL 2129003 (N.D. Ill. June 12, 2012) (ordering similar procedures).

For the foregoing reasons, Plaintiff's motion to compel is granted in part and denied in part. IT IS SO ORDERED.